TANJA L. DARROW, Bar No. 175502
tdarrow@littler.com
CRISTEN REBEKAH HINTZE, Bar No. 318231
chintze@littler.com
NASIM KHANSARI, Bar No. 320719
nkhansari@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300

Attorneys for Defendant
STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GRANT,<br><br>           Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION, JACQUELINE CRUZ, and DOES 1 through 100,<br><br>           Defendants. | Case No. 2:19-cv-05606 SJO (KSx)<br><br>**DEFENDANT STARBUCKS CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE HIS FIRST AMENDED COMPLAINT**<br><br>Date:       November 25, 2019<br>Time:      10:00 a.m.<br>Courtroom: 10C<br><br>Trial Date: None Set<br>Complaint Filed: May 22, 2019<br>(filed in Los Angeles Superior Court) |

## I. INTRODUCTION

After not one, but two failed attempts to advance his case, Plaintiff Daniel Grant ("Plaintiff") now untimely seeks to amend his complaint and asks this Court to allow him to proceed with a frivolous defamation claim against Defendant Starbucks Corporation ("Defendant").

First, after failing to timely join the related matter of his brother, Michael Grant, Plaintiff simply ignored this Court's Scheduling Order and attempted to circumvent the expired deadline by filing a separate lawsuit based on the *same exact* facts. Notably, in the related action, *Michael Grant v. Starbucks Corp.*, No. 2:18-cv-08927 (C.D. Cal. Sept. 24, 2019), ECF No. 47, this Court set the deadline to amend the complaint to add parties as **February 28, 2019**. Instead of amending the Complaint, Plaintiff's counsel waited ***nearly three months past the deadline***, and on **May 22, 2019**, filed a separate lawsuit with identical facts and simply added Daniel Grant as the named Plaintiff.

To compound the matter, on September 24, 2019, this Court granted Defendant's motion for summary judgment, in its entirety, in the Michael Grant matter, ***including Mr. Grant's defamation claim,*** based on the same exact facts in Plaintiff's complaint. Despite the identical facts, in an attempt to somehow distinguish his case from his brother's, Plaintiff now submits his untimely motion for leave to file an amended complaint. Yet, an amendment cannot save Plaintiff's claims from legal certainty that they are both barred by the statute of limitations and still lacks merit in any event. Two constants remain: The facts are the same. The law is the same. Plaintiff's attempt to skirt this Court's ruling should not be tolerated and more importantly, is prohibited by law.

Plaintiff's motion suffers from several irreparable defects. It is untimely. Plaintiff's deadline to amend his complaint was October 9, 2019. Plaintiff filed his motion for leave to amend his complaint on October 16, 2019. The statute of limitations to bring a defamation claim has passed. Therefore, Plaintiff is barred from

bringing a defamation claim against Defendant. Last, despite Plaintiff's allegation to the contrary, Defendant would be substantially and unduly prejudiced by Plaintiff's proposed amended complaint as the amended complaint strips this Court of jurisdiction over the matter.

For the foregoing reasons, Defendant Starbucks Corporation requests the Court deny Plaintiff Daniel Grant's Motion for Leave to File His First Amended Complaint.

## II. STATEMENT OF FACTS AND PROCEDURAL POSTURE

On May 22, 2019, Plaintiff filed his initial complaint in California Superior Court alleging damages for (1) false imprisonment, (2) civil action for deprivation of rights, (3) negligence, (4) intentional infliction of emotional distress, (5) negligent infliction of emotional distress, (6) defamation, and (7) violations of the Unruh Civil Rights Act.

On June 27, 2019, Defendant removed the case to the United States District Court, Central District of California. That same day, Defendant filed a Notice of Related Cases apprising the Court of Plaintiff's brother's case, which was based on the same claims and events, and involved the same facts and questions of law as Plaintiff's pending lawsuit.

On September 24, 2019, this Court granted Defendant's Motion for Summary Judgment, in its entirety, in the related Michael Grant matter (*See Michael Grant v. Starbucks Corp.*, No. 2:18-cv-08927 (C.D. Cal. Sept. 24, 2019), ECF No. 47 (hereinafter, "Order Granting MSJ")). Mr. Grant's claims were identical to Plaintiff's claims and based on the same alleged facts against Defendant.

On October 7, 2019, Defendant sent a letter to Plaintiff's counsel requesting Plaintiff voluntarily dismiss his case based on the Court's granting of Defendant's Motion for Summary Judgment in the related action (Declaration of Tanja L. Darrow ISO Defendant Starbucks Corporation's Opposition to Plaintiff's Motion for Leave to File His First Amended Complaint (hereinafter, "Darrow Decl.) ¶ 3, Exh. A). Simultaneously, Plaintiff's counsel emailed Defendant's counsel with a draft amended

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3
OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

complaint and proposed stipulation.

## III. ARGUMENT

Undue delay, bad faith, futility of amendment, and prejudice to the opposing party are relevant factors in determining whether to grant a motion for leave to amend a complaint. Fed. Rules Civ. Proc. Rule 15(a), 28 U.S.C.A. See also: *Howey v. U.S.,* 481 F.2d 1187, 1190 (9th Cir. 1973).

Plaintiff's counsel has proven that he has no regard for court orders and has now completely ignored two fundamental deadlines – the deadline to amend the complaint in the *Michael Grant* matter to add parties to the initial action and now the deadline to amend the complaint in this related action. Specifically, Plaintiff failed to timely move to amend his complaint in accordance with this Court's Scheduling Order. That aside, Plaintiff's amended complaint is futile because the statute of limitations has passed regarding his single state-law defamation claim. Lastly, granting Plaintiff's Motion would unduly prejudice Defendant Starbucks as it would divest this Court's jurisdiction over the single remaining cause of action.

### A. Leave to Amend Must Be Denied Because Plaintiff Motion Is Untimely Pursuant to This Court's Scheduling Order.

Plaintiff's Motion must be denied because it is untimely in violation of the Court's Order dated July 15, 2019, and September 9, 2019, both establishing the deadline to amend as **October 9, 2019**. *See* Initial Order Setting Rule 26(f) Scheduling Conference, ECF No. 11 at 2; Minutes of Scheduling Conference, ECF No. 17 at 1; *see also* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (1992).

District courts are generally required to enter pretrial scheduling orders establishing deadlines for, inter alia, amending pleadings. Fed. R. Civ. P. 16(b). Once such scheduling order is made, and a deadline to amend any pleadings is established, no post-deadline amendment is permitted unless the court first modifies the scheduling order to permit the amendment. *Johnson*, 975 F.2d at 608 (finding the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4

OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

scheduling order "control[s] the subsequent course of the action" unless modified by the court upon a showing of "good cause") (citing Fed. R. Civ. P. 16(b)). Indeed, "[d]isregard of the Order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* at 610-11.

Here, Plaintiff did not request the court modify its scheduling order; rather, he merely moved to amend his complaint. Further, Plaintiff cannot demonstrate good cause for his belated motion to amend. Plaintiff's veiled attempt to bring his motion in good faith fails to acknowledge that that there are no new facts to support his defamation claim.

In its Order Granting MSJ in the related *Michael Grant* matter, this Court specifically addressed Michael Grant's defamation claim, stating he failed to produce evidence sufficient to support that claim. The evidence in the related case is the same. The facts are the same. The law is the same. In his Motion for Leave to amend his complaint, Plaintiff claims he will search for the identities of customers who were present when Defendant's former employee Jacqueline Cruz allegedly accused Plaintiff's brother, <u>not Plaintiff,</u> of vehicle theft. However, Plaintiff fails to state why, at any point after filing his original complaint in May, he failed to identify or gather additional evidence.

Most notably, Plaintiff failed to state any reason, *whatsoever*, why he could not comply with this Court's standing order to file an amended complaint by October 9, 2019. Plaintiff alleges in his Motion that his delay was the result of the Order Granting MSJ. This Court issued its ruling on the Order Grant MSJ on September 24, 2019. Plaintiff had **15** days to file his amended complaint prior to the Court's deadline. He failed to so. As such, Plaintiff's Motion for Leave to File His First Amended Complaint should be denied.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5
OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

### B. Leave to Amend Must Be Denied Because Plaintiff's Amendment Is Futile Based On The Statute of Limitations.

While requests for leave to amend are determined under a relatively liberal standard, leave to amend should be denied where the amendment is futile. *Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (finding that leave to amend "is properly denied, however, if amendment would be futile"); *Gordon v. City of Oakland*, 627 F. 3d 1092, 1094 (9th Cir. 2010) (affirming that "leave [to amend] may be denied if amendment of the complaint would be futile") *citing Albrecht v. Lund*, 845 F. 2d 193, 195 (9th Cir. 1988); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming district court's denial of leave to amend due to futility where "the complaint could not be saved by any amendment") (internal citations omitted); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (finding denial of leave to amend appropriate "if permitting amendment would . . . result in futility").

#### 1. Plaintiff's Defamation Cause of Action is Untimely.

Even if the Court determines Plaintiff's cause of action for defamation is not precluded based on the facts in the related *Michael Grant* matter, it still fails because Plaintiff failed to file the claim within one year of the allegedly offending conduct. Under California law, a one-year statute of limitations applies to defamation claims and the limitations period runs on discovery of the allegedly defamatory statement. Cal. Civ. Proc. Code § 340(c); *Manguso v. Oceanside Unified School Dist.*, 153 Cal. App. 3d 574, 578-79 (1984).

There is no dispute that the allegedly defamatory publication on which Plaintiff bases his defamation *per se* cause of action occurred on November 5, 2017. *See* ECF No. 18. Yet, Plaintiff filed his complaint on May 22, 2019— approximately one year and six months later. Accordingly, Plaintiff's Motion for Leave to File His First Amended Complaint is futile.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6
OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

### 2. Plaintiff's Amended Complaint Has No New Facts.

Plaintiff has no additional facts or evidence apart from the related *Michael Grant* matter to provide his defamation claim. His brother's defamation claim failed because of insufficient evidence. To the extent Plaintiff is now alleging he will somehow find additional evidence to support a defamation claim, he has had months to do. Plaintiff filed his original complaint on May 22, 2019. His brother filed his original complaint, ***based on the same facts and evidence***, on July 9, 2018. Plaintiff even agreed to stipulate to consolidate his case with his brother's. *See* Stipulation to Consolidate Cases as to 2:19-cv-05606; 2:18-cv-08927, ECF 14. As this Court is well aware, consolidation of cases occurs when multiple cases involve a common question of law or fact. Fed. Rules Civ. Proc. Rule 42. Here, all the facts and the law are the same. Plaintiff even admitted so when he agreed to stipulate to consolidate his case. Plaintiff's unmeritorious defamation claim cannot inexplicably transform into a viable cause of action if there are no new facts or evidence to support it. As such, Plaintiff's Motion for Leave to File His First Amended Complaint should be denied.

### C. Leave to Amend Must Be Denied Because Plaintiff's Motion Is Unduly and Substantially Prejudicial to Starbucks.

Importantly, Plaintiff's Motion must be denied because Starbucks will be unduly and substantially prejudiced by Plaintiff's proposed amended complaint. Indeed, "[p]rejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Where prejudice is shown, courts are protecting the judicial system or other litigants when they deny leave to amend a pleading. *Howey v. U.S.*, 481 F.2d 1187, 1191 (9th Cir. 1973).

Despite Plaintiff's conclusory statement that there is "no prejudice to Defendants, as the proposed FAC is significantly narrower in scope than the initial complaint," the amended complaint would divest this Court of jurisdiction. Plaintiff's only remaining cause of action in the amended complaint would be a single state-law

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7

OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

cause of action for defamation. Defendant's spent significant time and expense to remove Plaintiff's case to this Court. Should the Court grant Plaintiff's Motion, Defendant will be substantially and unduly prejudiced by a required remand based on a lack of jurisdiction. Not to mention, Plaintiff's proposed amended complaint demonstrates a dilatory motive to defeat federal jurisdiction.

## IV.  CONCLUSION

For the aforementioned reasons, Starbucks respectfully requests the Court deny Plaintiff's Motion for Leave to File His First Amended Complaint.

Dated: November 4, 2019

_/s/_

TANJA L. DARROW
CRISTEN REBEKAH HINTZE
NASIM KHANSARI
LITTLER MENDELSON, P.C.
Attorneys for Defendant
STARBUCKS CORPORATION

4847-5551-0188.2 055187.1111

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8
OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT