**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority     _____
Send     _____
Enter     _____
Closed     _____
JS-5/JS-6     _____
Scan Only     _____

**CASE NO.:**   CV 19-05606 SJO       **DATE:** January 27, 2020

**TITLE:**     Daniel Grant v. Starbucks Corporation, et al.

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                     Not Present
Courtroom Clerk                Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**     **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                       Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** [ECF No. 26]; **ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO REMAND** [ECF No. 25]

This matter comes before the Court on Starbucks Corporation's ("Defendant" or "Starbucks") Motion to Dismiss ("Motion") Plaintiff Daniel Grant's ("Plaintiff") First Amended Complaint ("FAC"). Starbucks filed the Motion on January 3, 2020. (ECF No. 26.) Plaintiff filed an opposition ("Opposition") on January 13, 2020. (ECF No. 29.) Starbucks filed its reply ("Reply") on January 17, 2020. (ECF No. 32.) The Court found this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Starbucks' Motion and **DISMISSES WITH PREJUDICE** Plaintiff's FAC.

I.     BACKGROUND

    A.     Factual Background

On November 5, 2017, Plaintiff and his brother, Michael Grant, went to the Starbucks located at 12770 South Hawthorne Boulevard, Hawthorne, CA 90503. (Compl. ¶ 8, ECF No. 1, Ex. 4.) As Plaintiff and Michael walked to their car, they heard a Starbucks employee, Jacqueline Cruz, accuse the two of breaking into her vehicle. (Compl. ¶ 9.) Cruz disregarded Michael's attempt to show Cruz that he possessed the keys to the car and that Michael in fact owned the car. (Compl. ¶ 10.) Cruz "stated aloud" that she was going to call the police to report that Plaintiff and Michael were stealing "her vehicle." (Compl. ¶ 11.) While the two waited for the police to arrive, Plaintiff sat inside the car and Michael waited on the car's bumper. (Compl. ¶ 12.) Plaintiff alleges he did not feel free to leave until the police arrived. (Compl. ¶ 15.)

The Hawthorne Police Department arrived on the scene. (Compl. ¶¶ 13, 16.) The police officers surrounded the vehicle and allegedly "pointed their firearms at Plaintiff and his [sic] Michael." (Compl. ¶ 16.) Plaintiff feared for his life and followed the officers' orders to remain in the vehicle and not make any sudden movements. (Compl. ¶ 17.) The officers soon learned that the car did, in fact, belong to Michael. (Compl. ¶ 19.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority          _____
Send              _____
Enter             _____
Closed            _____
JS-5/JS-6         _____
Scan Only         _____

CASE NO.:  **CV 19-05606 SJO**               DATE: **January 27, 2020**

B.      Procedural Background

On July 9, 2018, Michael filed his complaint in the Related Action.  Then, on May 22, 2019, Plaintiff filed his complaint in state court alleging the following causes of action: (1) False Imprisonment; (2) Civil Action for Deprivation of Rights; (3) Negligence; (4) Intentional Infliction of Emotional Distress; (5) Negligent Infliction of Emotional Distress; (6) Defamation Per Se; and (7) Unruh Civil Rights Act.  (*See generally* Compl.)  Importantly, Plaintiff's case mimics the case filed by his brother, Michael Grant in the related action, (the "Related Action")[1] which, based on the same facts, asserted the same 7 causes of action against defendant Starbucks.  (Some of Michael's claims were also asserted against the City of Hawthorne, who is not a party to this case.)  Starbucks removed Plaintiff's case to federal court on June 27, 2019.  (Notice of Removal, ECF No. 1.)  When removing to federal court, Starbucks filed a notice of related case, relating Plaintiff's lawsuit to the Related Action.  (Notice of Removal, Ex. B.)

At the Scheduling Conference on September 9, 2019, this Court set the deadline for the last date to amend the complaint to October 9, 2019.  At that Scheduling Conference, the Court denied the parties' stipulation to consolidate the two actions.  On September 24, 2019, the Court granted summary judgment on all claims that Michael Grant asserted against Starbucks in the Related Action.  (Related Action, ECF No. 47.)

On October 16, 2019, Plaintiff sought leave to amend his complaint to conform his case to the Court's ruling in the Related Action.  (Mot. To Amend Compl., ECF No. 18.)  Specifically, Plaintiff dropped all of his claims except for his defamation claim, to which Plaintiff added additional allegations.  (*See id.*)  On December 17, 2019, the Court granted Plaintiff's motion and allowed Plaintiff leave to file his FAC.  (ECF No. 23.)

Then, on December 24, 2019, Plaintiff filed a motion to remand the case to state court seeing that his only remaining cause of action is a common law defamation claim.  Starbucks responded by filing the instant Motion to Dismiss Plaintiff's FAC, arguing that his complaint was filed beyond the statute of limitations.

These proceedings followed.

II.      LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the claims asserted in the complaint."  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-2000 (9th Cir. 2003).  In evaluating a motion to dismiss, a court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Shwarz v.*

---

[1]  The Related Action is *Michael Grant v. Starbucks Corp.*, No. 2:18-cv-08927.

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.: CV 19-05606 SJO**          **DATE: January 27, 2020**

*United States*, 234 F.3d 428, 435 (9th Cir. 2000). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ileto*, 349 F.3d at 1200. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To plead sufficiently, Plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "All allegations and reasonable inferences are taken as true, and the allegations are construed in the light most favorable to the non-moving party, but conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal citations omitted).

III.     DISCUSSION

Starbucks argues that Plaintiff's complaint is barred by the statute of limitations. (Mot. 5-6.) California Code of Civil Procedure 340(c) establishes a one-year statute of limitation for defamation claims.[2] Here, the incident took place on November 5, 2017, meaning Plaintiff was required to file his complaint on or before November 5, 2018. However, Plaintiff did not file his complaint until May 22, 2019.

Plaintiff concedes that his defamation claim was filed outside of the limitations period. (Opp'n 3.) Plaintiff argues in his Opposition that the doctrine of equitable tolling should save his claim. (*See generally* Opp'n.) In Plaintiff's view, his brother's complaint in the Related Action that was filed on July 9, 2018 tolls the statute of limitations for Plaintiff's defamation claim because Starbucks was placed on notice of the underlying facts by means of Michael's complaint. (Opp'n 5.) Plaintiff highlights Starbucks' acknowledgments that the two cases are "nearly identical," and Plaintiff argues that Starbucks would not be prejudiced, because it completed its investigation at the conclusion of the Related Case. (Opp'n 6.)

However, Plaintiff's equitable tolling argument fails because (1) Plaintiff did not act reasonably in delaying to file his defamation claim, and (2) California law does not permit a plaintiff to rely on a different plaintiff's complaint to equitably toll the statute of limitations. California applies equitable tolling "[w]hen an injured person has several legal remedies and, reasonably and in good faith,

---

[2] There is no dispute that California law applies to Plaintiff's common law defamation claim. (*See* Mot. 2; Opp'n 3.)

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.: CV 19-05606 SJO**         **DATE: January 27, 2020**

pursues one." *Aguilera v. Heiman*, 174 Cal. App. 4th 590, 597 (2009) (quoting *Elkins v. Derby*, 12 Cal. 3d 410, 414 (1974)). To benefit from the doctrine of equitable tolling, the party must prove all of the following three elements: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983).

While Plaintiff may be correct that his brother's complaint satisfies the first two elements, Plaintiff cannot establish that he acted reasonably when he delayed by a year and a half to file his complaint. Plaintiff sat on his rights from November 5, 2017 until he filed his complaint in state court on May 22, 2019, nearly six months after the November 5, 2018 limitations deadline. Plaintiff has not provided any information justifying this delay in filing his complaint. Equitable tolling applies where a plaintiff has multiple legal remedies and "pursues one," *Aguilera*, 174 Cal. App. 4th at 597, but Plaintiff failed to do so here. Plaintiff adds in his Opposition, "As early as January 10, 2019, Plaintiff's counsel disclosed that Daniel Grant was in the process of retaining counsel and may seek to be added as an additional Plaintiff to that case." (Opp'n 7.) This notice may have been sufficient to put Starbucks on notice of Plaintiff's claim, but it too came after the statute of limitations had run on November 5, 2018. In short, Plaintiff cannot show that he acted reasonably in delaying a year and a half from the date of the incident to filing his complaint.

Separately, Plaintiff cites no case law supporting the proposition that a plaintiff can equitably toll the statute of limitations by relying on a different plaintiff's complaint that raises similar allegations. In fact, the California Court of Appeal recently rejected this exact argument. In *Reid v. City of San Diego*, 23 Cal. App. 5th 901, 916 (2018), the plaintiff argued that the statute of limitations should be tolled because a different plaintiff's challenge to a municipal assessment placed the defendants on notice of the plaintiff's lawsuit that challenged that same municipal assessment. The *Reid* court flatly rejected the plaintiff's argument and stated:

> [T]here is no basis for equitable tolling because the plaintiff in the [first case] and Plaintiffs here are different. Plaintiffs cite no authority, and we are aware of none, that would allow a plaintiff in one case to equitably toll the limitation period based on the filing of a stranger's lawsuit.

*Id.* While Michael and Daniel Grant are certainly not "strangers," the same principle applies: Plaintiff cannot rely on his brother's complaint to equitably toll the statute of limitations. A rule allowing such equitable tolling "would result in potentially unlimited liability as one plaintiff would attempt to toll based on other plaintiffs' lawsuits against the same defendant." *Id.*

Therefore, the Court **GRANTS** Starbucks' Motion because Plaintiff filed his defamation claim beyond the statute of limitations, and because Plaintiff cannot equitably toll the statute of limitations using his brother's complaint.

**JS-6**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 19-05606 SJO</u>          **DATE:** <u>January 27, 2020</u>

C.      <u>Leave to Amend</u>

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied if amending the complaint would be futile. *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

No amendment can save Plaintiff's complaint because he has acknowledged that he filed his defamation claim after the statute of limitations. And as the Court has established, there is no basis to equitably toll the statute of limitations, so it would be futile to allow Plaintiff to amend his complaint.

Therefore, the Court **GRANTS** Starbucks' Motion and **DISMISSES** Plaintiff's claims **with prejudice**.

IV.      <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES WITH PREJUDICE** Plaintiff's FAC. Given the Court's ruling, Plaintiff's motion to remand (ECF No. 25) is **DENIED** as moot. This case shall close.

IT IS SO ORDERED.